UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIA M. JAVIER-ANSELMO,

    Plaintiff,

v.                       Case No. 8:20-cv-548-T-33JSS

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Lia M. Javier-Anselmo originally initiated this slip-and-fall action in state court on January 31, 2020. Thereafter, on March 9, 2020, Defendant Wal-Mart Stores East,

1

L.P., removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The amended complaint does not state a specified claim to damages. (Doc. # 1-4 at ¶ 1)("This is an action for damages that exceeds Thirty Thousand Dollars."). Instead, in its notice of removal, Wal-Mart relied upon a pre-suit demand letter for $250,000 to establish the amount in controversy. (Doc. # 1 at 3-4).

Upon review of the notice of removal, the Court determined that the "record [did] not show by a preponderance of the evidence that the amount in controversy exceeds

2

$75,000." (Doc. # 3). Specifically, the Court concluded that the pre-suit demand letter seeking $250,000 in damages was mere puffery in light of Javier-Anselmo's past medical expenses of less than $18,000. (Id.)(citing Lamb v. State Farm Fire. Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction"). The Court gave Wal-Mart an opportunity to provide additional information to establish the amount in controversy.

Wal-Mart has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 4). But Wal-Mart still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, the only additional information Wal-Mart provides is a list of other slip-and-fall cases in which Florida courts have awarded over $75,000 in damages. (Id. at 3). But the Court is not persuaded that such damages awards support that Javier-Anselmo's damages exceed $75,000 in this case.

Next, rather than provide additional information about Javier-Anselmo's actual damages, Wal-Mart reiterates its

3

opinion that the pre-suit demand letter establishes that the amount in controversy exceeds $75,000. (Id. at 2-3). Yet, the only concrete damages to date are the approximately $17,681.32 in past medical expenses. (Doc. # 1-5 at 6). While Javier-Anselmo provides details about the nature of her injuries in the pre-suit demand letter, she does not provide sufficient detail about the cost of future medical expenses or any loss of income or pain and suffering she has experienced. Thus, these categories of damages remain too speculative to include in the amount in controversy calculation and do not support that the pre-suit demand letter was more than a mere negotiation tactic. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017)(remanding similar case where the amount in controversy was based on hypothetical future medical damages and similarly reasoning that the pre-suit settlement offers were negotiation tactics).

In short, Wal-Mart's discussion of other cases and the pre-suit demand letter has failed to persuade the Court. The only concrete damages in this case fall below $18,000 and insufficient information has been provided about other categories of damages. Thus, Wal-Mart has not carried its burden of establishing this Court's diversity jurisdiction.

4

The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of March, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE